IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHERYL LEWIS-SMITH, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 3:23-cv-1248 |
| ) | Judge Richardson/Frensley |
| SUMNER COUNTY GOVERNMENT ) | Jury Demand |
| BOARD OF COMMISSIONERS AND ) | |
| OFFICERS, ET AL ) | |
|     Defendants. ) | |

# REPORT AND RECOMMENDATION

Pending before the Court is a Motion to Dismiss some of Plaintiff's claims filed by the Defendants in this matter. Docket No. 6. Defendants have filed a supporting memorandum of law. Docket No. 7. The Plaintiff has filed a response to the motion (Docket No. 9) and the Defendants have filed a reply (Docket No. 10). The Defendants' motion seeks to dismiss all or some of the claims against them. Docket No. 6. For the reasons set forth herein, the undersigned recommends that Defendants' motion be **GRANTED**.

## BACKGROUND

This is an employment discrimination action brought by the former director of the Sumner County Human Resources Department following the elimination of her position with the department. Docket No. 1. The Complaint alleges that Sumner County, Tennessee along with the Sumner County Board of Commissioners and some Sumner County Executives violated Title VII, the ADEA and ADA by discriminating and retaliating against her. *Id.* Additionally, she refences the FMLA and Tennessee Whistleblower Statute. *Id.*

The Defendants argue that the Court should dismiss the Board of Commissioners and County Executives from the lawsuit and dismiss any claims for recovery under the FMLA,

Whistleblower statute and any claim for retaliation under the Civil Rights statutes. Specifically, the Defendants assert that the individually named Defendants in this matter do not qualify as "employers" under the statutes and therefore there is no basis for individual liability. *Id.* They make the same argument with respect to the individual commissioners of the Sumner County Board of Commissioners. *Id.* Finally, they argue that Plaintiff's Complaint fails to set forth any facts that would support a claim for retaliation under the Civil Rights' Statutes, Tennessee Whistleblower's Statute or FMLA. *Id.*

In response, the Plaintiff asks that the Court deny the motion with respect to the individually named Defendants on the grounds that "[t]hey are deemed as being the 'employer' because they are charged and sworn to make the overall life day-to-day, financial decisions of the county in a prudent, fair, impartial, transparent, collegial and conciliatory manner" and, with respect to the commissioners "[a]s duly elected officials, they are held accountable for their actions governing day-to-day and employment activities within Sumner County." Docket No. 9, p. 2. Plaintiff asserts she has documentary evidence to prove her claims as asserted in the Complaint, that the decisions to "defund the Sumner County Human Resources Department" "was not thoroughly reviewed to make a prudent decision" and that she suffered "great detriment" as a result of this decision. *Id.* pp. 1-2.

In reply, the Defendants argue that the response does not address of the points raised in the Defendants' motion to partially dismiss.

## LAW AND ANALYSIS

### A. Standard of Review

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). The Supreme Court has clarified the *Twombly* standard, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint that pleads facts "'merely consistent with' defendant's liability . . . 'stops short of the line between possibility and plausibility' of 'entitlement to relief.'" *Id.*, quoting *Twombly*, 550 U.S. at 557 (internal brackets omitted).

When ruling on a defendant's motion to dismiss, the court must "construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F. 3d 1061, 1064 (6th Cir. 1994). The court should allow "a well-pleaded complaint [to] proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556. However, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Id.* at 555. "'[A] legal conclusion couched as a factual allegation' need not be accepted as true on a motion to dismiss," *Fritz v. Charter Twp. of Comstock*, 592 F. 3d 718, 722 (6th Cir. 2010)(citation omitted), and mere recitation of the elements of a cause of action "or an "unadorned, the-defendant-unlawfully-harmed-me accusation" will not do, *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. While the court must accept "as true all non-conclusory allegations in the complaint," *Delay v. Rosenthal Collins Grp., LLC*, 585 F. 3d 1003, 1005 (6th Cir. 2009), it does not have to accept unsupported legal conclusions, *Iqbal*, 556 U.S. at 678.

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F. 3d 380, 383

(6th Cir. 2011)(internal quotation marks and citation omitted). Pro se litigants, however, are not exempt from the requirements of Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989). The Court is not required to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life. Ins. Co.*, 518 F. 2d 1167, 1169 (6th Cir. 1975); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("a court cannot create a claim which [a plaintiff] has not spelled out in his pleading")(internal quotation marks and citation omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"). To demand otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F. 2d 1274, 1278 (4th Cir. 1985).

    **B.**     **The Defendant's Motion to Dismiss**

    **1.**     **The Individual Defendants**

Plaintiff's Complaint names the Board of Commissioners of Sumner County as well as certain county executives as Defendants in this action. Docket No. 1. The Plaintiff attempts to bring an action against these individually named Defendants under Title VII, the Age Discrimination and Employment Act ("ADEA") and the Americans with Disabilities Act ("ADA"). *Id.*

The Defendants argue that these claims should be dismissed because the applicable statutes do not impose individual liability. Docket No. 6. In the Sixth Circuit, "an individual employee/supervisor who does not otherwise qualify as an 'employer,' may not be held personally

4

liable under Title VII." *Wathen v General Electric Co.*, 115 F. 3d 400, 405 (6th Cir. 1997). The same is true for claims asserted under the ADEA and ADA. *Broady v. Mid-South Transportation Mgmt.., Inc*. 2023 WL 6014357 at *8 (W. D. Tenn. July 26, 2023); *Lee v Michigan Parole Board*, 104 F. Appx. 490, 493 (6th Cir. 2004). The Plaintiff argues that her claims against these individuals should proceed based upon their role and responsibility in "governing day-to-day and employment activity within Sumner County." Docket No. 9, p. 2. However, the Sixth Circuit case law is clear that individual liability does not attach to employment discrimination claims. Under Title VII an "employer" means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U. S. C. § 2000e(b). The Sixth Circuit has previously held that despite this language, "Congress did not intend to provide for individual employee/supervisor liability under Title VII." *Wathen*, 115 F. 3d at 405.

Because neither the individual Defendants nor the Commissioners are "employers" under the Civil Right Statutes her claims under those statutes against all of the individual Defendants should be dismissed.

  **2.  Claims Under the Family Medical Leave Act ("FMLA") and Tennessee Whistleblower Statute**

The Plaintiff's Complaint includes an allegation that the discriminatory conduct of which she complains includes "FMLA violations/retaliation 'Whistleblower'/State of Tennessee Annotated Codes." Docket No. 1, p. 4. The Complaint further seeks compensatory and punitive damages in the amount of one million dollars based in part on "FMLA dissolution for parent, retaliatory actions creating socioeconomic poverty and detriment." *Id.* at pp. 5-6. However, the Complaint contains no additional allegations of fact regarding these claims. As noted above, the Plaintiff is obliged to provide grounds for entitlement to relief beyond labels and conclusions.

*Twombly,* 550 U. S. at 555. Even applying the less stringent standard applied to pro se litigants there are simply no facts alleged in this Complaint regarding any claim for relief under the FMLA or the state Whistleblower Statute. Plaintiff's claims revolve around the decision to "defund the Sumner County Human Resources Department which yielded the elimination of Plaintiff's job." Docket No. 1. Plaintiff's charge of discrimination suggests that while her position was eliminated, the position of a Caucasian women in the department was not eliminated and that either she or her husband has a "known medical history." Docket No. 1-1, pp. 2-3. However, nowhere in Plaintiff's Complaint or supporting documents does she indicate that she was denied medical leave or terminated in retaliation for requesting or participating in medical leave or conduct that would be protected under the Whistleblower Statute. Because of Plaintiff's failure to plead any facts from which the Court could discern a claim under the FMLA or Whistleblower Statutes, the Defendant's motion to dismiss these claims should be **GRANTED.**

    3.    **Retaliation Claims**

The Plaintiff's Complaint asserts a claim of retaliation related to her termination. Docket No. 1. The Defendants contend that as with her claims under the FMLA and Whistleblower Statute, she failed to make any allegations which even accepted as true, could plausibly establish she suffered in an adverse employment action after engaging in a protected activity. Docket No. 7, p. 7. The Plaintiff does not address this issue in her response. Docket No. 9.

As with her claim under the FMLA and Whistleblower Statute, the Plaintiff's Complaint merely includes a checked box indicating that she complains of retaliation. Docket No. 1, p. 4. Neither the Complaint nor any of the any attached documents allege any facts which would support a claim for retaliation. In the absence of any such facts, the Plaintiff's conclusory statement that she was retaliated against is simply insufficient. Allowing the Plaintiff all benefit of the doubt of

liberal construction of her pleadings there are simply no allegations which would support a claim for retaliation and therefore the Defendants' motion to dismiss her claim for retaliation should be **GRANTED**.

## CONCLUSION

For the reasons set forth herein, the undersigned recommends that the Defendants' motion to partially dismiss the Plaintiff's complaint (Docket No. 6) be **GRANTED**. Plaintiff's claims against the individually named Defendant employees of Sumner County and Commissioners should be dismissed. Her claims against all Defendants under the FMLA, ADEA and for retaliation should likewise be **DISMISSED**. Plaintiff's remaining claims should proceed against Sumner County Tennessee.[1]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**JEFFERY S. FRENSLEY**
**U. S. Magistrate Judge**

---

[1] In its reply the Defendant asserts that Plaintiff's entire lawsuit should be dismissed based on her alleged deficient response to the Court's show cause order. Docket No. 10. The purpose of the show cause order was to determine whether the Plaintiff intended to respond to the motion to dismiss. She responded and the Court has considered those arguments herein. The Court will not recommend further relief beyond what is described above.