IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| CHERYL LEWIS-SMITH, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | NO. 3:23-cv-01248 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| SUMNER COUNTY GOVERNMENT BOARD OF COMMISSIONERS & OFFICERS, | ) ) ) ) | |
| Defendant. | | |

### ORDER

Pending before the Court[1] is a report and recommendation (Doc. No. 25, "R&R") of the Magistrate Judge, which recommends that the Court grant the motion for summary judgment (Doc. No. 14) filed by the sole remaining Defendant in this action, Sumner County Government Board of Commissioners & Officers ("Sumner County"), and dismiss all claims against it.[2] No objections to the R&R have been filed and the time for filing objections has now expired.[3]

---

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] As the R&R notes, in a prior order (Doc. No. 12) this Court previously adopted a report and recommendation from the Magistrate Judge that recommended dismissing the claims against the individual defendants in this action. (Doc. No. 25 at 2). Accordingly, Sumner County is the sole remaining Defendant in this action.

[3] Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the R&R with the District Court. For pro-se plaintiffs, like Plaintiff, the Court is willing to extend this 14-day deadline by three days to allow time for filings to be transported by mail. But even this extension does not help Plaintiff because the R&R was filed on June 9, 2025 and as of August 6, 2025 Plaintiff has not filed any objections.

Absent any objection to the statement of facts (regarding the procedural history and underlying circumstances of this case) set forth by the Magistrate Judge in the R&R, the Court adopts that factual background in its entirety, and includes it here for reference.

> Plaintiff Cheryl Lewis-Smith, who is African American, is the former director of the Sumner County, Tennessee, Human Resources (HR) Department. She filed this suit after the elimination of her position with the department. Docket No. 1. In her pro se form Complaint, Plaintiff asserts the County defunded the HR Department budget for 2023-2024 without proper notification to prepare accordingly and that no severance was provided. Docket No. 1, p. 5. Plaintiff checks the boxes and asserts claims under Title VII of the Civil Rights Act of 1964, (Title VII), the Age Discrimination in Employment Act (ADEA), the American with Disabilities Act (ADA), the Family Medical Leave Act (FMLA), as well as the Genetic Information Nondiscrimination Act of 2008 (GINA), the Tennessee Whistleblower Statute, and for retaliation. Id. She seeks, among other things, one million dollars ($1,000,000.00) in damages.
>
> In addition to the Sumner County Government Board of Commissioners and Directors, Plaintiff initially named as defendants John C. Isbell, County Mayor; Eric Sitler, Law Director; and David Lawing, County Financial Director. By order dated April 24, 2024, the district judge dismissed the individually named defendants from the action. Docket No. 12. The court dismissed Plaintiff's claims against the individual defendants under Title VII, the ADA, and the ADEA, and all claims under the FMLA, the Whistleblower statute, and for retaliation. Docket No. 11, p. 5-7.
>
> Sumner County now moves for summary judgment on all remaining claims. In support of its motion, the County submitted excerpts of Plaintiff's deposition; a Statement of Undisputed Material Facts; the sworn declaration of Kimberly White, County Claims Manager; Plaintiff's Employment Agreement with the County; correspondence informing Plaintiff of her discharge; her Separation Notice; Tennessee Department of Labor Employee Termination/Separation notice; and EEOC documents. Docket Nos. 15-16 and attached exhibits.
>
> Plaintiff opposes the motion but has submitted no factual evidence in support. Docket No. 21.
>
> The evidence proffered by the County reveals the following. The Sumner County HR Department, as well as its Director Position, were established in 2021. Docket No. 15-1, p. 5-6; Docket 15-2, p. 2. Kimberly White, Claims Manager, attested in her declaration that in August 2021 Sumner County eliminated its Risk Management Department and created an HR department headed by Plaintiff. During that time, Sumner County split the human resources duties between its Law Department and its Finance Department. Docket No. 15-2, p. 2. In 2023, the County

eliminated its HR Department. After eliminating the HR Department, the County resumed splitting the human resources work between its Law Department and Finance Department. When the HR Department was dissolved, White moved to a different department, continuing to handle risk management duties but no longer performing HR functions. White was not aware of Sumner County utilizing genetic information in making employment decisions. Nor was she aware of it requesting, requiring, or purchasing genetic information about its current or potential employees. Id., p. 3.

By its terms, Plaintiff's Employment Agreement (Agreement) with the County began on June 13, 2022, and ended on June 30, 2023. Docket No. 15-1, p. 39. Section 3 of the Agreement provides: "[a]t the end of the terms of this Agreement, Employee shall remain as an employee at will unless the Agreement is ended pursuant to these terms or renewed for an additional term." Id at p. 39. Sections 6 and 8 of the Agreement provide for a separation payment and a buyout, respectively, if the County took an adverse employment action against Plaintiff before her Employment Agreement terminated. Id, at p. 40.

In hand-delivered correspondence dated July 3, 2023, John Isbell, County Mayor, informed Plaintiff that "[t]he Sumner County Board of Commissioners [had] made the decision to eliminate the [County's] Human Resources [Department] and reassign the job tasks. The funding for the office ended on June 30, 2023, and [Plaintiff's] position has been eliminated." Id, at p. 32.

Plaintiff testified to the following at her deposition. Docket No. 15-1. In light of the defunding of the Department, the County should have been able to place her into a new position as they did with Kimberly White. Docket No. 15-1, p. 12. White kept her position and was placed in a different department while she was not. Id.

Plaintiff objected or refused to provide answers to the following questions: (1) the reasons she believes Sumner County discriminated against her based on race; (2) the identity of any specific individual who discriminated against her because of her race, color, gender, sex, religion, or national origin; (3) the nature of her alleged disability and whether she had ever requested accommodation for it; and (4) whether she had ever undergone genetic testing and if such information was ever disclosed to the County. Docket No. 15-1, pp. 13-19.

When asked the basis for her belief that the County discriminated against her based on her race, Plaintiff responded, "I have listed the information. I have outlined the information in my complaint"; "I have listed the information, and I have clarified the information in my response."; "I refuse to answer because the information is clearly listed in the complaint and in my responses." Id., pp. 13-14.

When asked to name a specific individual who discriminated against her on the basis of race and color, Plaintiff testified: "I am not – I have not listed anything

outside of what is in this complaint"; "I – I am not – I have listed everything accordingly, in my response"; "I have listed the information in my complaint"; "I have listed the information.· Upon this becoming a court documented trial, at that time, if I need to move forward with the proper interrogatories and the information, when I have counsel to clearly be able to facilitate understanding -- again, I repeat, I am pro se.· And what is listed in my complaint is what is in my complaint." Docket No. 15-1, pp. 14-15.

When asked to name any specific individual who discriminated against her based on her gender and sex, Plaintiff testified: "I have included my information in my response and in the complaint"; I have not said I cannot identify. I am not moving forward with any additional information because this is not a trial." Id., pp. 15-16.

During her deposition, when asked to identify a specific person who discriminated against her because of her religion, Plaintiff testified: "I have identified my complaint. I have provided information. Again, if we are in a trial, we will move forward with the proper protocol. So, my complaint is my complaint, as pro se." Id., p. 16.

When Plaintiff was asked whether she could identify a specific person who discriminated against her based on national origin, she responded as follows: "I am going to identify -- I did not say that I cannot identify. It is in my complaint." Docket No. 15-1, pp. 17-18.

When Plaintiff was asked in her deposition if she could identify a specific person who discriminated against her based on her disability, she responded: "I am not saying I can identify. I am not saying I cannot. My basis is clearly denoted in my response and the complaint, as pro se." Id., pp. 17-18.

When asked whether she ever requested an accommodation for her alleged disability from the County, Plaintiff testified, "Objection. I refuse to answer the question because you're subjective -- you're subjecting -- it -- no, I won't -- I -- I object." Id., p. 18. When asked why she believes she was discriminated against because of her disability, Plaintiff responded: "It is in my complaint." Id. When Plaintiff was asked to describe the nature of her disability, the duration of her disability, and how the disability affects her work and activities of daily living, she responded: "It is in my complaint, but I object to that reasoning because of confidentiality and HIPAA." "I object to that line of questioning." "I object to that question." "I object to that question." Id., p. 18.

When asked whether her genetic information was provided to Sumner County, Plaintiff testified: "I object to that question. Any information that has been provided is in the response or the complaint or the -- the actual response." Id., p. 18. When further asked how Sumner County discriminated against her based on genetic information, Plaintiff testified: "I object to that question. I repeat, the

> answers are in the response and in the complaint, as pro se. Upon this going into trial, the appropriate counsel will be assigned to be able to help defer or move forward as far as -- or delineate that information. I am pro se." Id., p. 19. Upon being asked to identify a specific person who discriminated against her based upon her genetic information, Plaintiff testified: "I object to your question. I repeat, I am pro se. The information has been listed in the complaint and the response." Id., p. 19.
>
> Plaintiff's direct supervisors were Anthony Holt, then County mayor, and his successor, John Isbell. Docket No. 15-1, p. 7. Plaintiff and Kimberly White did not share the same supervisor, and their job duties were distinct. Id., pp. 7-8, 19-20. Plaintiff finally testified that budget constraints were a legitimate reason for the County to eliminate its HR department, that the HR Director position she held was an exempt FLSA position, and that the County compensated her properly. Id. pp. 6, 10.

(Doc. No. 25 at 1-6). The Magistrate Judge ultimately recommended that Defendant's motion for summary judgment be granted and that the claims against it be dismissed. (*Id.* at 12). As previously mentioned, Plaintiff did not timely file objections to the R&R (and, for that matter, Plaintiff has not filed any objections as of August 6, 2025).

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias; Hart v. Bee Property Mgmt.*, No. 18-cv-11851, 2019 WL 1242372, at * 1 (E.D. Mich. March 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)).

Absent objection, the R&R (Doc. No. 25) is ADOPTED and approved. Accordingly, Defendant's motion for summary judgment (Doc. No. 14) is GRANTED, and all claims against Defendant are DISMISSED WITH PREJUDICE.

Accordingly, the Clerk is DIRECTED to enter judgment pursuant to Fed. R. Civ. P. 58 and close the file.

IT IS SO ORDERED.

_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE